UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS GARCIA, an individual,

    Plaintiff,

vs.                                       CASE NO.:

PRO-TEC PLUMBING, INC., a Florida
profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Carlos Garcia ("Plaintiff"), by and through undersigned counsel, sues Defendant, Pro-Tec Plumbing, Inc. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Collier County, Florida.

## PARTIES

4. Plaintiff was and is a resident and citizen of Collier County, Florida. At all times pertinent, Plaintiff worked for Defendant in Collier County, Florida.

5. Defendant was and is a Florida profit corporation doing business in Collier County, Florida.

6. Defendant provides commercial and residential plumbing and repair, kitchen and bathroom remodeling, new construction plumbing, re-piping, cast iron replacement, and water treatment/filtration systems and services in Collier County, Florida and Lee County, Florida. Defendant has been in business since 2009, and boasts a team of in excess of thirty-five employees, including but not limited to marketing professionals, financial professionals, an IT administrator, a general manager, a service manager, multiple project managers, multiple project coordinators, multiple customer service representatives, a field supervisor, a fleet mechanic, and many plumbers. General information about Defendant, its services, history, and personnel can be found at www.ptpnaples.com.

7. Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

8. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## **GENERAL ALLEGATIONS**

9. Defendant employed Plaintiff as a plumber in Collier County, Florida for approximately three (3) years through on or about August 29, 2019.

10. Plaintiff's primary job duties included performing plumbing maintenance and repair services for Defendant's customers.

11. Defendant compensated Plaintiff on an hourly basis of around $18.00 per hour.

12. Defendant wrongfully compensated Plaintiff at a straight time rate for hours worked over forty (40) hours in a workweek.

13. Defendant also wrongfully failed to count Plaintiff's hours worked between job sites, as part of Plaintiff's work hours for the workweek.

14. Plaintiff regularly and routinely worked in excess of forty (40) hours per week for Defendants.

15. Defendant had a policy and practice of compensating employees at an "admin rate" equal to their hourly rate for any hours worked over forty (40) in a workweek. Defendant further had a policy and practice of failing and/or refusing to compensate employees for their time in the shop or their time traveling between the shop and each job site. Defendant required Plaintiff's time on-the-clock to start when he arrived at each job site and Defendant did not compensate Plaintiff for the time he was at the shop or traveling between the shop and each job site. As such, Defendant cheated employees, including but not limited to Plaintiff, out of their overtime (time and one-half) compensation, forced

employees to work off the clock, and improperly calculated Plaintiff's compensation each week in violation of the FLSA.

16. Defendant knew, or should have known, about the overtime provision of the FLSA before hiring Plaintiff.

17. Defendant knew, or should have known, that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours.

18. Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendant.

19. Throughout his employment with Defendant, Plaintiff was not properly compensated at one and one-half (1 and 1/2) his regular rate for overtime hours worked.

20. Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for such overtime hours.

21. Defendant knowingly, intentionally, and willfully violated the FLSA.

22. Plaintiff was forced to retain counsel to pursue these claims, and is obligated to pay counsel a reasonable attorneys' fee and costs.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession, custody, and control of Defendant. Plaintiff does not have such records in his possession.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

24. Plaintiff re-alleges paragraphs 1 through 23 as if set forth fully herein.

25. Plaintiff worked more than forty (40) hours in a week one or more weeks during his employment with Defendant. Specifically, Plaintiff regularly worked forty-five (45) hours per week for Defendant.

26. Defendant failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek. Specifically, Defendant compensated Plaintiff at a straight time rate ($18.00 per hour) for any hours worked over forty (40) in a workweek and did not provide Plaintiff any compensation whatsoever for his time spent working in the shop and for his time spent travelling between the shop and each job site.

27. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

28. Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

    b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

    d. award post-judgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e. entry of final judgment against Defendant; and

f.      award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

_____
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*